FILED
2010 Aug-17  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:06-cr-00334-RDP-JEO |
| | ) | |
| **DEDRICK LAMON GRIHAM** | ) | |

## MEMORANDUM OPINION

This matter is before the court on the motion of Defendant Dedrick Lamon Griham, requesting a new trial premised on purported newly discovered evidence (Doc. # 72) and his request for an evidentiary hearing (Doc. # 74 at 4). Also before the court is Defendant's motion seeking an order requiring the Clerk of the Court to notify him of all filings so that he can timely file a notice of appeal should the court's ruling be adverse to him. (Doc. # 75). The United States has filed a response to the motion for new trial. (Doc. # 73). Upon consideration, the court finds that the motion for a new trial is due to be denied, the request for an evidentiary hearing is due to be denied, and the motion for notice is moot as the Clerk will serve a copy of the court's memorandum opinion and order upon Defendant.

### DISCUSSION

#### Offense Conduct

The victim testified at trial that Defendant approached her in a downtown parking lot and told her to get into her car and drive. They drove to several banks and withdrew money from the victim's accounts. "Eventually, Griham and the [victim] ended up in a motel room where ... Griham raped her. When the police arrived at the motel room, they found the [victim] tied up and gagged underneath one of the beds." (Doc. # 70 at 3). She further stated that Defendant had two guns, a box cutter, and some rope. (*Id*. at 4).

>Defendant testified at trial:
>
>>that, in order to make one thousand dollars, he arranged to meet the [victim] in the parking lot of her apartment building and "fake kidnap" her. When [he] approached the [victim], she told him to "make it look real." Griham and the [victim] drove around to several banks in order for the [victim] to get enough money together to pay Griham the one thousand dollars. Griham testified that, after he and the [victim] had consensual sex at the motel, they saw the [victim's] picture on TV. Griham told the [victim] to call her boyfriend and "straighten it out," but the [victim] told Griham, "I can't. I can't." Griham tied the [victim] up, and was gathering his things when the police arrived at the door.

(*Id*. at 4-5).

## Procedural History

Defendant was convicted on November 13, 2007, of carjacking (18 U.S.C. § 2119), use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). All of these counts of conviction are premised on the events occurring on May 31, 2006. Defendant was sentenced to serve 180 months imprisonment on the carjacking charge, 84 months incarceration on the use of a firearm charge, and life imprisonment on the felon in possession of a firearm charge. His convictions and sentence were affirmed by the Eleventh Circuit on appeal. (Doc. # 70).

Defendant has filed the present motion for a new trial asserting that while he was incarcerated at USP Pollock, he met a former acquaintance named Roderick Pearson. During their conversations, Pearson allegedly stated to Defendant that on May 31, 2006, while he (Pearson) was talking with Defendant he saw a "nice looking European woman" (presumably the victim) sitting behind the wheel of a Lexus while Pearson and Defendant had a conversation some distance from the car. (Pearson Affidavit of Truth (Doc. # 72 at 9)). According to Pearson's affidavit, "there [was] no way possible that she [(the victim)] was being held against her will, and the woman that who [sic] I now

2

know as [the victim], from where she was positioned, there is no way that this woman was being held against her will." (*Id*.)  In his accompanying affidavit, Defendant further asserts in his accompanying affidavit that he informed his counsel after trial, at sentencing, of Pearson's potential testimony. (Griham Affidavit of Truth (Doc. # 72 at 4)).  He also asserts that he told his counsel that this testimony would create requisite reasonable doubt concerning the victim's assertions that she was under duress and that she did not have any opportunity to escape. (*Id*.)

The United States counters that the motion for a new trial is due to denied for two reasons. First, the "'newly discovered evidence' ... has already been elicited from two other witnesses .... and is nothing more than impeaching and cumulative in nature, and will not support a new trial claim." (Doc. # 73 at 3 (citing *Davidson v. United States*, 138 Fed. Appx. 238, 239-41 (11th Cir. 2005); *United States v. Kersey*, 130 F.3d 1463, 1465 n.2 (11th Cir. 1997)).  Second, "Pearson's testimony is utterly incredible."  (Doc. # 73).

Defendant responds that the United States has failed to adequately address his claims. (Doc. # 74 at 2).  He further states that the United States has misled the court and any challenge to Pearson's testimony related to his criminal past does not "erase the facts that have been exemplified by and through [his] affidavit of truths of the facts ... Mr. Pearson recalls on the 31st of May in 2006." (*Id*. at 3).

## Analysis

The Eleventh Circuit has clearly articulated the relevant standard for reviewing Defendant's motion for a new trial. In *United States v. Giraldo*, 352 Fed. Appx. 300 (11th Cir. 2009), the court stated:

> A new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *Id.* (quotation omitted).

*Giraldo*, 352 Fed. Appx. at *1. The court finds that Defendant's motion is due to fail for three reasons. First, Defendant has not established that the evidence was newly discovered after trial. Defendant's conclusory statement that he brought this information to the attention of his counsel "after [his] trial, at sentencing and '[his] attorney's [sic] fail[ed] to file any of the appropriate post-trials [sic] motions," does not demonstrate *when* he first learned of the information. Obviously, Defendant would have known of his chance encounter (and any conversations) with Pearson (and their content) on May 31, 2006, the date the encounter occurred and a date well before trial.

Second, as noted by the United States, the evidence is cumulative to the testimony of Anthony Wayne Brown and Jermaine Bailey that was presented to the jury. Brown testified that he observed the victim pumping gas into a SUV at a gas station that was about a block and a half from the Midfield Police Station while Defendant was inside the vehicle for some time. (Trial Tr. Vol. 3 (Doc. # 63) at 490-93).[1] Bailey testified that he provided Defendant and the victim a ride to a motel, and that he did not notice anything strange or unusual during his time with Defendant and the victim. (Trial Tr. Vol. 4 (Doc. # 64) at 679-95). To be sure, the heart of Defendant's defense at trial was that he was "hired" to conduct a "fake kidnaping" of the victim, that he never took her captive or carjacked her against her will, and that she consented to have sex with him as part of that

---

[1] Brown also testified that the woman later appeared to be "in stress" and was trying to get his attention after returning to the car. (*Id.* at 487).

4

experience. The court gave him an ample opportunity to call witnesses and present documentary evidence (*e.g.*, photographs of him and the victim at ATM sites). Pearson's testimony would have merely been cumulative of that evidence.

Third, and also significant, the testimony of Pearson, a multi-convicted felon who is now serving a 564-month sentence following his conviction for armed bank robbery,[2] is not the kind of evidence that would result in a new trial producing a different result.[3] *Giraldo*, 352 Fed. Appx. at *1. This is particularly the case in light of the overwhelming evidence of Defendant's guilt introduced at trial.

## CONCLUSION

The court finds that the motion for a new trial (Doc. # 72) is due to be denied and the motion for notice (Doc. # 75) is moot. The court further finds that Defendant's request that the court hold an evidentiary hearing (Doc. # 74 at 4) is due to be denied.[4] An appropriate order will be entered.

**DONE** and **ORDERED** this   17th   day of August, 2010.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] *See United States v. Roderick Pearson*, 2:07-cr-0072-RDP-TMP (N.D. Ala.). Defendant Pearson was convicted of two counts of armed bank robbery (18 U.S.C. § 2113(a) & (d)), use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)), brandishing a firearm during a bank robbery (18 U.S.C. § 924(c)(1)(C)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)).

[3] To the extent that Defendant asserts that it is the responsibility of the jury and not the United States to determine the veracity of Pearson's testimony, the court notes that it has the legal responsibility to first determine the nature and character of the purported testimony and then to consider whether or not the proffered testimony warrants granting the motion for a new trial. *See Giraldo*, 352 Fed. Appx. at *1. Here, it does not.

[4] To the extent that Defendant requests an evidentiary hearing on his motion, the court does not find that either Defendant's allegations or the affidavit of Pearson is sufficient to warrant such relief.